### NORTHERN TEXAS TRACTION CO. v. MARTIN. (No. 9279.)

(Court of Civil Appeals of Texas. Ft. Worth. April 3, 1920. Rehearing Denied May 1, 1920.)

1. **Trial ☞251(8) — Refusal of instructions submitting contributory negligence not pleaded proper.**

Refusal of instructions, submitting contributory negligence not pleaded, *held* proper.

2. **Street railroads ☞117(11)—Negligence of motorman held question for jury.**

In an action for injuries to an automobile driver in collision with a street car, whether motorman used all the means at his command consistent with the safety of the car and its passengers to avoid the collision *held* a question for the jury.

3. **Appeal and error ☞882(14)—Submission of automobile driver's contributory negligence held not ground for complaint.**

In an action for injuries to an automobile driver in collision with a street car, submission of issue of driver's contributory negligence in language of issue as pleaded by defendant and as supported by motorman's testimony *held* not ground for complaint on the part of defendant.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by Luther Martin against the Northern Texas Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Capps, Cantey, Hanger & Short, of Ft. Worth, for appellant.

Preston Martin, of Weatherford, and Goree, Odell & Allen, of Ft. Worth, for appellee.

CONNER, C. J. Taylor and Monroe streets in the city of Ft. Worth extend north and south. Texas street extends east and west, intersecting Taylor and Monroe streets. Taylor street is located one block west of Monroe street. The Northern Texas Traction Company operates a street car line along Monroe street to its intersection with Texas street, at which point it turns west and extends along Texas street across the block and over Taylor street and on west.

On the occasion which gave rise to the present action, the appellee, Luther Martin, was driving in a seven passenger Studebaker automobile from Taylor street east along Texas street. He was operating the car on the right-hand side of the street, as he was driving east. Immediately in front of him, some 10 or more feet, he testified, a Ford automobile stopped, and appellee thereupon, while very near the east line of Taylor street turned his car to the left, for the purpose of going around the Ford car. As he did so, and just as the front left wheel of his car crossed the rail of the street car line, he observed a street car of appellant company suddenly turn the corner at Monroe and Texas streets and approach, as he testified, very rapidly. He thereupon immediately stopped his car and attempted to back off of the track, believing at the time, as he testified, that he could not otherwise escape collision with the rapidly approaching street car. Before, however, he was able to back off of the track the street car ran against him, thus injuring the appellee's car, and he instituted this suit to recover damages in the sum of $450, alleging negligence on the part of the operator of the street car in running at such a high and negligent rate of speed, and in a failure to discover plaintiff's position and use the means at his command to stop the car before the collision.

The defendant answered by general denial, and pleaded contributory negligence on plaintiff's part in several particulars. The case was submitted to a jury on special issues, which were answered favorably to the plaintiff, and judgment was accordingly entered in his favor in the sum of $284.58, from which judgment this appeal has been prosecuted.

[1] Assignments 1, 2, and 3 are directed to the action of the court in refusing to submit a special issue of whether the plaintiff could have avoided the collision by turning his car and driving over to the right or left on Taylor street. In answer to these assignments, it is sufficient to say that appellant did not plead contributory negligence in this particular. Moreover, no evidence is pointed out from which it can be said that the issue was one of importance. The plaintiff's testimony was to the effect that he turned his car to

pass the Ford in front of him about the time he was crossing the east line of Taylor street, and it is by no means clear from the evidence that any effort on his part to turn north or south on Taylor street would have resulted in avoidance of the collision.

[2] The fourth, fifth, and sixth assignments complain of the action of the court in a failure to submit an issue of negligence on the plaintiff's part in not driving across to the north side of Texas street, instead of making an effort to back his car, as he did, off of the street car line. But these assignments also find sufficient answer in the fact that negligence on plaintiff's part in this respect was not pleaded by appellant. It is also complained in the seventh assignment that the court erred in submitting the issue of whether the motorman of the street car used all means at his command consistent with the safety of the car and its passengers to avoid the collision; it being insisted that the undisputed evidence in the case showed that he did so use all means. It is true the motorman so testified, but there was evidence in behalf of the plaintiff of a contrary import; for instance, the witness Richardson testified that the car came around the corner into Texas street very rapidly, and that—

"From the time it turned the corner and until the collision occurred it never made any check in speed at all. I am just as sure of that as I am of anything else I have testified to here, and it was going at least 25 miles an hour."

Several witnesses testified that the automobile was dragged by the street car more than halfway across Taylor street, and the motorman testified that, at the rate of speed he was going at the time, 7 or 8 miles an hour, and with the load he had, it would have required 8 or 10 feet to bring the car to a stop. And other witnesses testified to the effect that it was some 255 feet from the point at which the collision occurred to the turn into Monroe street.

[3] Another objection to the court's charge is that of the submission of the issue of whether plaintiff was negligent in suddenly turning his automobile to the left, and in driving into the side of the street car at the time of the collision. The objection to this charge is that the issue was irrelevant and immaterial, for the reason that if the jury should find that plaintiff did turn his automobile to the left and run into the street car, then the plaintiff would have been guilty of negligence as a matter of law, and that therefore it was erroneous to submit the issue as one of fact. In answer to this objection, it is to be said that the issue was submitted in almost the same, if not in the exact, language of an issue of contributory negligence pleaded by appellant and supported by the testimony of the motorman; that being his rendition of the occurrence.

We find no error in the court's charge on the burden of proof, nor upon the measure of damages. We are of the opinion also that witness Hopkins sufficiently qualified as a witness to give his opinion of the difference in the value of the plaintiff's car before its injury and the value of the same car after its repair. So too, we think the witness Lewis' testimony, to the effect that the costs of the repairs to the automobile was in the sum given by him, and that such sum was the reasonable value of the parts used, was properly admitted. In brief, we think, there is no merit in the appeal, and we accordingly overrule all assignments of error and affirm the judgment.